**SO ORDERED.**

**SIGNED this 21 day of April, 2010.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 09-51929-JDW |
| LINDA ADAMS FARR, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| REGINALD DEKEITH MIMS, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 09-5099 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| LINDA ADAMS FARR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Debtor:        Danny L. Akin
                   Post Office Box 1773
                   Macon, Georgia 31202

For Defendant:     Reginald DeKeith Mims, pro se
                   Post Office Box 397
                   Abbeville, Georgia 31001-0397

**MEMORANDUM OPINION**

This matter comes before the Court on Debtor's motion to dismiss a complaint to determine the dischargeability of a debt. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Background**

Debtor Linda Farr works as a court reporter. Plaintiff Reginald Mims filed an application for state habeas corpus relief after he was convicted by the State of Georgia for various criminal offenses, and his conviction was upheld, in part, on direct appeal by the Georgia Court of Appeals. Debtor provided reporting services during Plaintiff's habeas hearing on June 15, 2006, and July 20, 2006. Plaintiff's application for habeas relief was denied on August 29, 2006, due to procedural default for failure to timely raise his issues during trial or on direct appeal. Shortly thereafter, Plaintiff filed with the Georgia Supreme Court an application for probable cause to appeal the habeas ruling.

In November 2006, Plaintiff filed a complaint against Debtor with the Board of Court Reporting, complaining that she had not yet prepared transcripts of his habeas hearing, which delayed the Georgia Supreme Court's consideration of his application for probable cause. Plaintiff received copies of the transcripts in February 2007. After reviewing them, he filed a Writ of Error in the Dooly County Superior Court listing 45 specific errors in the transcripts. Of those, 33 errors consisted of misspelled case law names, 6 related to errors in the names of individuals, and the remaining 6 related to words that were omitted or mistranscribed. Plaintiff

also made a general assertion that multiple words were omitted from the transcript.  While Debtor apparently corrected some of the errors, she did not correct them all to Plaintiff's satisfaction.

When Plaintiff's application for probable cause was denied in April 2007, he filed an application for federal habeas corpus relief on May 11, 2007.  In his application, Plaintiff alleged as a basis for relief that Debtor had sabotaged his state habeas hearing transcripts.  Upon the recommendation of the magistrate court, the district court denied habeas relief.  With respect to the allegations against Debtor, the court denied habeas relief because Plaintiff "was not challenging his conviction per se, but was challenging an error he contends was made in transcribing the record, [which] was an attack on a proceeding collateral to his conviction, not cognizable in habeas corpus." Mims v. Chatman, No. 4:07-cv-85, Report and Recommendation, at 7 (M.D. Ga. Aug. 30, 2007).

Plaintiff next filed a civil action against Debtor and against Russell Anderson, the court reporter during his trial, pursuant to 42 U.S.C. § 1983.  As to Debtor, Plaintiff alleged (1) she delayed the appeal of his state habeas corpus proceeding by not timely preparing transcripts; (2) when she did file the transcripts, they were filled with errors; (3) she did not fix all the errors specified by Plaintiff; and (4) she did not inform the appeals court of the errors in a timely manner. Mims v. Farr, No. 5:08-cv-203, Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983, at 4 (M.D. Ga. June 23, 2008).

The district court, adopting the recommendation of the magistrate judge, dismissed the case against both defendants because "it is clear that plaintiff Mims is actually seeking habeas corpus relief," and such a claim is not cognizable under § 1983 unless and until the conviction

4

has been successfully challenged.  Mims v. Farr, No 5:08-cv-203, Order and Recommendation, at 2 (M.D. Ga. Oct 6, 2008). Plaintiff appealed the decision.  While the appeal was pending, Debtor filed a bankruptcy petition on June 22, 2009, and Plaintiff filed the adversary case at issue, alleging his § 1983 claim was nondischargeable under 11 U.S.C. § 523(a)(6).

Plaintiff's nondischargeability complaint alleges he suffered harm caused by Debtor's "unlawful and unconstitutional" acts in the form of "[t]he lost [sic] of the creditor['s] statutory right to appeal with adequate and reliable transcripts, which the appeal Courts rely on to make rulings, have been sabotoged [sic] by the debtor and has cost the creditor money, time, and labor." (Complaint ¶¶ 6, 8.)  However, aside from these conclusory statements, the complaint is devoid of facts relating to Debtor or the state habeas transcripts.[1]

Debtor received a discharge on October 6, 2009.  After the discharge was entered by this Court, the Eleventh Circuit Court of Appeals entered separate opinions for the two defendants in Plaintiff's § 1983 case.  As to Mr. Anderson, the court affirmed dismissal of the case.  As to Debtor, the court dismissed the appeal as moot because of the discharge entered in the bankruptcy case, stating Plaintiff "no longer has a viable claim against [Debtor] and is prohibited by the bankruptcy court's discharge order from continuing [the] appeal[.]" Mims v. Farr, No. 08-17227 (11th Cir. Jan. 13, 2010).  Debtor has now filed a motion to dismiss the adversary case due to Plaintiff's failure to state a claim.

---

[1] Six of the eight numbered paragraphs in the complaint are comprised primarily of grievances against the clerk's office and the procedures of the bankruptcy court. The background information provided in this opinion is drawn from the record in Plaintiff's federal habeas corpus case and in the § 1983 case.  The background is not intended to serve as formal findings of fact, but rather provides context and explains the procedural posture of the claim underlying the adversary proceeding.

**Conclusions of Law**

Debtor's motion to dismiss for failure to state a claim is governed by Federal Rules of Civil Procedure 8(a) and 12(b)(6), made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b). To state a claim, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In his motion, Debtor contends Plaintiff is not entitled to relief based on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .... A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S. Ct. at 2372 (footnote omitted). The Court further explained that the effect of its holding is to "deny the existence of a cause of action" under § 1983. Id. at 489, 114 S. Ct. at 2373.

In this case, the district court has held Plaintiff failed to satisfy the Heck standard with regard to his § 1983 complaint against Debtor. Plaintiff appealed that ruling. While the appeal was pending, Debtor filed her bankruptcy case, Plaintiff filed this adversary proceeding under 11 U.S.C. § 523(a)(6), and Debtor received a discharge. After the discharge order was entered, the Eleventh Circuit concluded Plaintiff's appeal was moot because his claim was discharged in the

bankruptcy case. However, the circuit court's order does not reference or otherwise indicate the court knew of the pendency of this adversary proceeding. The discharge order in the bankruptcy case states, "The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)." In re Farr, No. 09-51929, Discharge of Debtor, at 1 (Bankr. M.D. Ga. October 6, 2009). The notice accompanying the discharge order lists kinds of debt that are not discharged, including "[d]ebts that the bankruptcy court specifically has decided or will decide in this bankruptcy case[.]" Id. at 2 (emphasis added). Furthermore, 11 U.S.C. § 727(b) provides: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]" Consequently, because Plaintiff's § 523 complaint was pending at the time of discharge, his claim was not discharged.

For the foregoing reasons and for purposes of this opinion only, the Court will assume Plaintiff's appeal of the district court's dismissal of his § 1983 claim against Debtor is still viable on the ground his debt was unaffected by the bankruptcy discharge order. Under that assumption, the determination that Debtor failed to meet the Heck standard is not yet final and cannot serve as a basis for dismissing this adversary proceeding.

Nevertheless, the Court may dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977)). The Court is "'required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true.'" Id.

However, the allegations must go beyond mere recital of the elements of the claim or conclusory assertions devoid of a factual basis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. Id.

In this case, Plaintiff is seeking nondischargeability under § 523(a)(6), which requires a showing of "willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). To state a claim, Plaintiff's complaint must allege an injury by the debtor and must allege facts that demonstrate both willfulness and maliciousness. An injury is willful when the injury itself was intended or substantially certain to result. Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998); Hope v. Walker, 48 F.3d 1161, 1165 (11th Cir. 1995). It is malicious when it is "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." Walker, 48 F.3d at 1164.

Plaintiff's complaint states allegations against Debtor as follows:

> Pursuant to 727(a) a debt owed which is not dischargeable (i.e.) for willful and malicious injury by the debtor to another entity or to the property of another entity, such as the debtor Linda Adams Farr done to this creditor by her unlawful and unconstitutional actions which are under review by the honorable Eleventh Circuit, however the debtor did admitted her reckless and callous indifference in Civil #2006-20 held by the Judicial Court Reporting Board of Georgia. The creditor has accumulated a debt of $2,500 in indigent loans for appeals because of the debtor's wrongful actions.
> ...
> This creditor has suffer cause of the debtor and seek damages for cost of his appeal and these proceedings. The lost of the creditor statutory right to appeal with adequate and reliable transcripts, which the appeal courts rely on to make rulings, have been sabotoged by the debtor and has cost the creditor money, time, and labor. This "objection" to discharge the debtor's debt to this

>creditor would be allowing the debtor to escape justice and go
>unpunished from breaking the law and depriving the creditor of his
>protected constitutional rights.

(Complaint ¶¶ 6, 8.)

Plaintiff's complaint provides no facts with respect to his claim against Debtor. Instead it is wholly comprised of the sort of conclusory assertions specifically rejected by the Supreme Court for purposes of stating a claim. Notably, Plaintiff characterizes Debtor's actions as unlawful and harmful and as sabotage, but never explains exactly what the actions were. He fails to allege Debtor was the court reporter during his state habeas hearing. He fails to allege the dates of the hearing and the dates that the transcripts were prepared. He fails to allege the transcripts contained errors and that the errors were never fully corrected.

Even if the Court could properly look beyond the complaint to consider facts Plaintiff has asserted in prior proceedings, Plaintiff still fails to state a claim for willful and malicious injury. Assuming the allegations are true that Debtor prepared untimely transcripts riddled with errors, Plaintiff has, at best, alleged negligence. At no point has Plaintiff alleged Debtor mismanaged the transcripts for the specific purpose of harming him (willfulness), nor has he alleged any facts that would allow the Court to reach such a conclusion. Consequently, Plaintiff's complaint fails to state a claim for nondischargeability under § 523(a)(6) and will be dismissed. As this case has been resolved in favor of Debtor, any debt owing to Plaintiff is discharged and any further collection efforts are prohibited by the discharge injunction as set forth in 11 U.S.C. § 524(a).

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT